**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| Brianna Runke, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   4:19-cv-2957 |
| Medical-Commercial Audit, Inc., d/b/a MCA Management Company/Medical-Commercial Audit Inc., a Missouri corporation, | ) ) ) ) ) ) | Class Action |
| Defendant. | ) | Jury Trial Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff, Brianna Runke, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Brianna Runke ("Runke"), is a citizen of the State of Missouri, residing in the Eastern District of Missouri, from whom Defendant attempted to collect a

defaulted consumer debt, which she allegedly owed for medical services.

4.      Defendant, Medical-Commercial Audit, Inc. d/b/a MCA Management

Company/Medical-Commercial Audit Inc ("MCA"), is a Missouri corporation that acts as

a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the

mails and/or the telephone to collect, or attempt to collect, directly or indirectly,

defaulted consumer debts. Defendant MCA operates a defaulted debt collection

business and attempts to collect debts from consumers in the State of Missouri. In fact,

Defendant MCA was acting as a debt collector as to the defaulted consumer debt it

attempted to collect from Plaintiff.

5.      Defendant MCA is authorized to conduct business in the State of Missouri,

and maintains a registered agent here, see, record from the Missouri Secretary of State,

attached as Exhibit A.  In fact, Defendant MCA conducts extensive business in Missouri.

## FACTUAL ALLEGATIONS

6.      Defendant sent Ms. Runke an initial form collection letter, dated June 21,

2019, demanding payment of defaulted consumer debts that she allegedly owed for

medical services. This letter stated, in pertinent part:

* * *

IMPORTANT NOTIFICATION – UNLESS YOU NOTIFY THIS OFFICE
WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU
DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF,
THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY
THIS OFFICE WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT
YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION
THEREOF, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT
OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF
SUCH JUDGMENT OR VERIFICATION.

* * *

2

Nowhere in Defendant's letter did they advise Ms. Runke that disputes had to be in writing, to be effective, so that she could require Defendant MCA to provide validation of the debt. A copy of this letter is attached as Exhibit <u>B</u>.

7.     Defendant's failure to provide the above informational disclosures, which are mandated by Congress in the FDCPA, constitutes a material/concrete breach of her rights under the FDCPA, and confused and misled Ms. Runke as to her rights to obtain verification of the debt under the FDCPA, and the appropriate method to invoke those rights.

8.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

9.     Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, <u>see</u>, <u>Peters v. Gen. Serv. Bureau</u>, 277 F.3d 1051, 1055 (8th Cir. 2002).

**COUNT I**
**Violation Of § 1692g**
**Ineffective Validation Notice**

10.     Plaintiff adopts and realleges ¶¶ 1-9.

11.     Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt" <u>see</u>, 15 U.S.C. § 1692g(a)(4).

12.     Nowhere in Defendant MCA's June 21, 2019 initial collection letter to Plaintiff (Exhibit B) does it state that Plaintiff's dispute to Defendant MCA had to be in writing to protect her right to obtain validation of the debt, and to require Defendant to cease its collection efforts until it provides verification of the debt. Thus, Defendant MCA has violated § 1692g(a)(4) of the FDCPA, see, Macy v. GC Servs. L.P., 897 F.3d 747 (6th Cir. 2018).

13.     Defendant MCA's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

14.     Plaintiff adopts and realleges ¶¶ 1-9.

15.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

16.     Defendant MCA, by failing to advise Plaintiff that her dispute must be in writing for her to invoke her right to verification of the debt, and to require Defendant to cease its collection efforts until it provides verification of the debt, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

17.     Defendant MCA's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18.     Plaintiff, Brianna Runke, brings this action individually and as a class

action on behalf of all persons similarly situated in the State of Missouri from whom

Defendant attempted to collect a defaulted consumer debt, via the same form collection

letter (Exhibit B), that Defendant sent to Plaintiff, from one year before the date of this

Complaint to the present. This action seeks a finding that Defendant's form letter

violates the FDCPA and asks that the Court award damages as authorized by §

1692k(a)(2) of the FDCPA.

19.     Defendant regularly engages in debt collection, using the same form

collection letter it sent Plaintiff Runke, in its attempts to collect defaulted consumer

debts from other persons.

20.     The Class consists of more than 35 persons from whom Defendant

attempted to collect defaulted consumer debts, by sending other consumers the same

form collection letter it sent Plaintiff Runke.

21.     Plaintiff Runke's claims are typical of the claims of the Class. Common

questions of law or fact raised by this class action complaint affect all members of the

Class and predominate over any individual issues. Common relief is therefore sought on

behalf of all members of the Class. This class action is superior to other available

methods for the fair and efficient adjudication of this controversy.

22.     The prosecution of separate actions by individual members of the Class

would create a risk of inconsistent or varying adjudications with respect to the individual

members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests

of other members of the Class not party to the adjudication, or substantially impair or

impede their ability to protect their interests. Defendant has acted in a manner

5

applicable to the Class as a whole such that declaratory relief is warranted.

23.     Plaintiff Runke will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Runke has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Brianna Runke, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Runke as Class Representative of the Class, and her attorneys as Class Counsel;

3.     Find that Defendant's form collection letter violated the FDCPA;

4.     Enter judgment in favor of Plaintiff Runke and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.     Grant such further relief as deemed just.

## JURY TRIAL DEMANDED

Plaintiff, Brianna Runke, individually and on behalf of all others similarly situated, demands trial by jury.

6

Brianna Runke, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  October 31, 2019

David J. Philipps, # 6196285IL
Mary E. Philipps,  # 6197113IL
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ryan M. Callahan, # 62666
James R. Crump, # 65514
Callahan Law Firm, LLC
221 East Gregory
Suite A
Kansas City, Missouri 64114
(816) 822-4041
(913) 273-1799
ryan@callahanlawkc.com
james@callahanlawkc.com